**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| WEIDING WU, derivatively on behalf of ADAPTHEALTH CORP., <br><br> Plaintiff, <br><br> vs. <br><br> RICHARD BARASCH, LUKE MCGEE, STEPHEN P. GRIGGS, JASON A. CLEMENS, FRANK J. MULLEN, GREG BELINFANTI, TERENCE CONNORS, BRADLEY COPPENS, TED LUNDBERG, JOSHUA PARNES, SUSAN WEAVER, DAVID S. WILLIAMS III, DALE WOLF, and ALAN QUASHA, <br><br> Defendants, <br><br> and <br><br> ADAPTHEALTH CORP., <br><br> Nominal Defendant. | Case No. 2:24-cv-01202-MRP <br><br> Hon. Mia R. Perez |

*[Additional caption on following page]*

AARON FRANKEL, Derivatively on Behalf of
Nominal Defendant ADAPTHEALTH CORP.,

        Plaintiff,

    v.

RICHARD BARASCH, LUKE MCGEE, STEPHEN
P. GRIGGS, JASON A. CLEMENS, SHAW
RIETKERK, WENDY RUSSALESI, RODNEY
CARSON, FRANK J. MULLEN, GREG
BELINFANTI, TERENCE CONNORS, BRADLEY
COPPENS, TED LUNDBERG, JOSHUA PARNES,
SUSAN WEAVER, DAVID S. WILLIAMS III,
DALE WOLF, and ALAN QUASHA,

        Defendants,

    and

ADAPTHEALTH CORP.,

        Nominal Defendant.

Case No. 2:25-cv-06905-MRP

**STIPULATION LIFTING THE STAY IN THE FIRST ACTION, CONSOLIDATING
RELATED SHAREHOLDER DERIVATIVE ACTIONS, APPOINTING CO-LEAD
COUNSEL FOR PLAINTIFFS, AND STAYING THE CONSOLIDATED ACTION**

WHEREAS, on March 20, 2024, plaintiff Weiding Wu ("Plaintiff Wu") filed a

shareholder derivative action in this Court alleging causes of action for violations of Section 10(b)

and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary

duties, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets

on behalf of nominal defendant AdaptHealth Corp. ("AdaptHealth" or the "Company") against

defendants Richard Barasch ("Barasch"), Luke McGee ("McGee"), Stephen P. Griggs ("Griggs"),

Jason A. Clemens ("Clemens"), Frank J. Mullen ("Mullen"), Greg Belinfanti ("Belinfanti"),

Terence Connors ("Connors"), Bradley Coppens ("Coppens"), Ted Lundberg ("Lundberg"),

Joshua Parnes ("Parnes"), Susan Weaver ("Weaver"), David S. Williams III ("Williams"), Dale

2

Wolf ("Wolf"), and Alan Quasha ("Quasha"), and against defendants Barasch, Clemens, Griggs, McGee, Parnes, Connors, Coppens, Mullen, Quasha, Weaver, Williams, and Wolf for contribution under Section 11(f) of the Securities Act of 1933 (the "Securities Act") and Section 21D of the Exchange Act, captioned *Wu v. Barasch et al.,* Case No. 2:24-cv-01202-MRP (E.D. Pa.) (the "Wu Action");

WHEREAS, the Wu Action was designated as "related" to a currently pending securities class action, for which a complaint was filed on October 24, 2023, in the United States District Court for the Eastern District of Pennsylvania, captioned *In re: AdaptHealth Corp. Securities Litigation*, Case No. 2:23-cv-04104-MRP (the "Securities Litigation");

WHEREAS, on July 26, 2024, pursuant to a stipulation entered by the parties to the Wu Action, the Court entered an order staying all proceedings and deadlines in the Wu Action pending the final resolution of the Securities Litigation (Wu Action, ECF No. 21) (the "Stay Order");

WHEREAS, on December 9, 2025, plaintiff Aaron Frankel ("Plaintiff Frankel," and together with Plaintiff Wu, the "Plaintiffs") filed a shareholder derivative action under seal in this Court alleging causes of action for violations of Sections 14(a), 10(b), and 20(a) of the Exchange Act, breach of fiduciary duties, aiding and abetting breach of fiduciary duties, unjust enrichment, and waste of corporate assets on behalf of nominal defendant AdaptHealth against defendants Barasch, McGee, Griggs, Clemens, Mullen, Belinfanti, Connors, Coppens, Lundberg, Parnes, Weaver, Williams, Wolf, Quasha, Shaw Rietkerk, Wendy Russalesi, and Rodney Carson (collectively the "Individual Defendants" and, together with the Company, "Defendants"),[1] captioned *Frankel v. Barasch et al.*, Case No. 2:25-cv-06905-MRP (E.D. Pa.) (the "Frankel Action," and together with the Wu Action, the "Related Derivative Actions");

---

[1] Plaintiffs and Defendants, taken together, are referred to herein as the "Parties."

WHEREAS, the Frankel Action was also designated as "related" to the Securities Litigation;

WHEREAS, on January 28, 2026, Plaintiff Frankel filed the public version of his Verified Shareholder Derivative Complaint in the Frankel Action (Frankel Action, ECF No. 7) (the "Frankel Complaint");

WHEREAS, Plaintiff Frankel has not served Defendants with the summons and Frankel Complaint to date;

WHEREAS, the undersigned counsel for Defendants have been authorized and hereby accept service of the Frankel Complaint on behalf of their clients;

WHEREAS, the Parties agree that the Stay Order in the Wu Action should be temporarily lifted for the sole and limited purpose of facilitating the consolidation of the Related Derivative Actions and then staying the consolidated action;

WHEREAS, under Fed. R. Civ. P. 42(a) ("Rule 42(a)"), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Parties agree that the Related Derivative Actions challenge substantially similar alleged conduct and involve overlapping questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS, the Parties therefore respectfully submit that the Related Derivative Actions should be consolidated pursuant to Federal Rule of Civil Procedure 42(a);

WHEREAS, the Parties agree that further proceedings in the consolidated derivative action should be stayed on the same terms as the Stay Order in the Wu Action (Wu Action,

ECF No. 21);

NOW THEREFORE, the Parties, by and through their undersigned counsel, hereby agree, and stipulate, and respectfully request that the Court enter an Order as follows:

1.  Undersigned counsel for Defendants hereby accept service of the Frankel Complaint on behalf of their clients.

2.  The Related Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Lead Case No. 2:24-cv-01202-MRP (the "Consolidated Action").

3.  Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE ADAPTHEALTH CORP. DERIVATIVE LITIGATION | Lead Case No. 2:24-cv-01202-MRP |
| This Document Relates to:  ALL ACTIONS | |

4.  All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 2:24-cv-01202-MRP.

5.  All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Action.

6.  Plaintiffs have represented to Defendants that the Frankel Complaint shall be deemed as the operative complaint in the Consolidated Action per Plaintiffs' right to amend the complaint in the Wu Action once or twice during the pendency of the stay pursuant to Paragraph

13 of the Stay Order.

7.    Co-Lead Counsel for plaintiffs in this Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**RIGRODSKY LAW, P.A.**
Gina M. Serra
1007 North Orange Street, Suite 453
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: gms@rl-legal.com

Seth D. Rigrodsky
Vincent A. Licata
Leah B. Wihtelin
225 Broadway, Suite 3707
New York, NY 10007
Telephone: (516) 683-3516
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: vl@rl-legal.com
Email: lw@rl-legal.com

8.    Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

9.    Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

10.    Defendants may rely upon all agreements made with Co-Lead Counsel, or other

duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

11.     This Order shall apply to each shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which are subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re AdaptHealth Corp. Derivative Litigation*, Lead Case No. 2:24-cv-01202-MRP, is hereafter filed in the Court, removed to this Court, reassigned to this Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re AdaptHealth Corp. Derivative Litigation*, Lead Case No. 2:24-cv-01202-MRP, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions involving AdaptHealth filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, and such shareholder derivative actions shall be consolidated into the Consolidated Action.

12.     All proceedings in the Consolidated Action, including all deadlines, hearings, and conferences, including any deadlines to move, answer, plead, or otherwise respond to the complaints in the Related Derivative Actions, shall be stayed according to the terms of the Stay Order in the Wu Action (Wu Action, ECF No. 21).

13.     This Stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions.

**IT IS SO STIPULATED.**

Dated: March 19, 2026

Respectfully submitted,

**THE BROWN LAW FIRM, P.C.**

*/s/ Elizabeth Donohoe*
Elizabeth Donohoe
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: edonohoe@thebrownlawfirm.net
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Wu*

**RIGRODSKY LAW, P.A.**

*/s/ Gina M. Serra*
Gina M. Serra (#308207)
1007 North Orange Street, Suite 453
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: gms@rl-legal.com

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
Vincent A. Licata
Leah B. Wihtelin
225 Broadway, Suite 3707
New York, NY 10007
Telephone: (516) 683.3516
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: vl@rl-legal.com
Email: lw@rl-legal.com

*Counsel for Plaintiff Frankel*

8

**GRABAR LAW OFFICE**
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com

*Of Counsel for Plaintiff Frankel*

**WILLKIE FARR & GALLAGHER LLP**

*/s/  Zeh S. Ekono*
Todd G. Cosenza (admitted *pro hac vice*)
Zeh S. Ekono (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Email: tcosenza@willkie.com
Email: zekono@willkie.com

**SAXTON & STUMP LLC**
Steven D. Costello (No. 37288)
Saxton & Stump, LLC
100 Deerfield Lane, Suite 240
Malvern, PA 19355
Telephone: (484) 328-8500
sdc@saxtonstump.com

*Counsel for Defendants AdaptHealth Corp., Richard Barasch, Luke McGee, Joshua Parnes, Stephen P. Griggs, Jason A. Clemens, Shaw Rietkerk, Wendy Russalesi, Rodney Carson, Frank J. Mullen, Greg Belinfanti, Terence Connors, Bradley Coppens, Ted Lundberg, Dr. Susan Weaver, David S. Williams, III, Dale Wolf, and Alan Quasha*

**IT IS SO ORDERED.**

DATED: _____      _____
                                    THE HONORABLE MIA R. PEREZ
                                    UNITED STATES DISTRICT JUDGE